## IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
## IN AND FOR ORANGE COUNTY, FLORIDA

KEVIN BROWN,

        Plaintiff,

vs.

CASE NO.:

THE WENDY'S COMPANY,
a Foreign Profit Corporation,

        Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, KEVIN BROWN ("Mr. Brown" or "Plaintiff"), by and through the undersigned counsel, files this Complaint against Defendant, THE WENDY'S COMPANY ("TWC" or "Defendant"), a foreign profit corporation, and states as follows:

1. Plaintiff brings this action for violation of the Florida Whistleblower Act, Section 448.102(3), Florida Statutes ("FWA"). Plaintiff is seeking damages including back pay, front pay, benefits, compensatory damages, declaratory and injunctive relief, his attorneys' fees and costs, and any other damages permitted by law.

## PARTIES

2. Plaintiff is an adult individual who performed services for Defendant in Orange County, Florida.

3. TWC is a foreign profit corporation located in Dublin, Ohio, and which, at all times relevant, performed work in Orange County, Florida.

4. At all times material hereto, Plaintiff was an "employee" within the meaning of the FWA.

5. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FWA.

6. Defendant, at all times material to this Complaint, employed ten (10) or more employees, and is therefore a covered employer as defined by the FWA.

## JURISDICTION AND VENUE

7. This is an action for damages exceeding $30,000.00, exclusive of attorneys' fees, interest, and costs.

8. This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff worked for Defendant in Orange County, Florida, and for this reason venue is proper in this Court as well.

## STATEMENT OF FACTS

9. Mr. Brown worked for TWC as General Manager of one of TWC's Wendy's restaurant locations in Winter Garden, Orange County, Florida, from June 10, 2019, until his termination on August 3, 2020.

10. In March of 2020, as the emerging COVID-19 pandemic ramped up, TWC Director of Operations, Bob Hansbrough, held a conference call attended by Mr. Brown, other General Managers in the region, and other high-ranking TWC personnel.

11. At the end of the conference call, Mr. Hansbrough asked whether anybody had any questions or concerns.

12. Mr. Brown offered his opinion that COVID-19 presented a serious challenge, that it was airborne, and that the protocols proposed by TWC, which did not extend beyond frequent handwashing, did not go far enough.

13. Mr. Brown suggested at that time that TWC close its dining rooms for the time being and utilize only the drive-through window to take orders and serve TWC's guests.

14. The very next day, TWC District Manager Rashaad Kauterman chastised Mr. Brown for making that suggestion during the conference call, warning that Mr. Brown "could have scared everybody."

15. In response, Mr. Brown reminded Mr. Kauterman that Mr. Hansbrough had asked for questions and concerns and that he had merely expressed the concerns that were on his mind.

16. In response, Mr. Kauterman stated, "you could lose your job over saying that."

17. Over the following months, TWC's local stores unfortunately suffered several outbreaks of COVID-19.

18. Because of staff shortages due to the COVID-19 outbreaks in local TWC restaurants, Mr. Kauterman called on Mr. Brown repeatedly to send employees and managers from his store to other area stores to provide coverage for absent staff.

19. In connection with this, Mr. Kauterman told Mr. Brown not to tell his employees and managers that COVID-19 was an issue at the TWC locations that had requested coverage because otherwise "no one would go to those locations to help."

20. In response, Mr. Brown told Mr. Kauterman that he could not lie to his employees and managers like TWC was asking him to.

21. Mr. Kauterman replied, "do it."

22. In late July of 2020, Mr. Brown's TWC location in Winter Garden, Orange County, Florida, suffered a COVID-19 outbreak.

23. Mr. Brown asked Mr. Kauterman what steps TWC would take to bring its protocols beyond mere frequent handwashing and into alignment with state and local Orders as well as OSHA regulations and CDC guidelines.

24. Mr. Kauterman told Mr. Brown that TWC's protocols would not change, that TWC would not perform necessary inspections, and that TWC would not take any additional steps to ensure that area locations were sanitized properly.

25. At that time, Mr. Brown objected that TWC's actions violated, *inter alia*, Orange County Emergency Orders 2020-01 through 2020-42, as amended and extended, 29 C.F.R. § 1910.1030, 29 C.F.R. § 1910.132, and 29 C.F.R. § 1910.134, Florida Executive Orders 20-51 and 20-52, and the General Duty Clause of the Occupational Safety and Health Act ("OSHA").

26. Mr. Brown's objections constituted protected activity under the FWA.

27. Very shortly thereafter, on August 3, 2020, Rashaad and Bob called Mr. Brown over to TWC's nearby Pine Hill location for a meeting.

28. At that time, TWC informed Mr. Brown that it was terminating his employment, effective immediately.

29. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's violations of law.

30. Defendant did not have a legitimate, non-retaliatory reason for its adverse employment actions against Plaintiff.

31. Any reason provided by Defendant for its adverse employment actions against Plaintiff is a pretext and a cover-up for illegal retaliation.

32. The person to whom Plaintiff voiced his objections to Defendant's violations of law was a decision-maker in terms of retaliating against Plaintiff by terminating his employment.

33. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's violations of law and his termination.

34. Plaintiff's objections to Defendant's violations of law were the cause of Defendant's termination of Plaintiff's employment.

35. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

36. Plaintiff's objections and refusals were considered protected activity pursuant to Fla. Stat. § 448.102(3), and qualified Mr. Brown as a whistleblower under the law.

37. In *Aery v. Wallace Lincoln–Mercury, LLC*, 118 So.3d 904, 916 (Fla. 4th DCA 2013), the Court made clear that it is unlawful to adversely affect an employee for engaging in the "protected conduct" of objecting to, or refusing to partake in, unlawful activity, or what the employee reasonably believes to be illegal conduct. *See id.* at 916 (To establish a violation of the FWA, an employee must establish that: (1) she objected to or refused to participate in an illegal activity, policy, or practice or what he reasonably believed to be an illegal activity, policy, or practice; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal).

38. Plaintiff was terminated in direct retaliation for reporting and objecting to Defendants' unlawful actions, or what he reasonably believed to be unlawful actions, in violation of Section 448.102 (3), Florida Statutes. *See Aery*, 118 So. 3d at 916.

39. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

40. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT – UNLAWFUL RETALIATION

41. Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-40 of the Complaint as if fully set forth herein.

42. On August 3, 2020, Defendant illegally terminated Plaintiff from his employment in violation of Section 448.102(3), Florida Statutes.

43. Plaintiff was retaliated against and terminated in violation of Section 448.102(3), Florida Statutes, for objecting to illegal activity, or what he reasonably believed to be illegal activity, being conducted by Defendant, or for refusing to participate in same.

44. Plaintiff objected to a violation of a law, rule, or regulation, or what he reasonably believed to be a violation of a law, rule, or regulation, or refused to participate in same, and was terminated as a direct result of same, which constitutes a violation of the FWA.

45. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, and emotional distress damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a jury trial on all issues so triable as of right.

Dated this 4th day of February, 2021.

Respectfully submitted,

**By: */s/Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Robert Pecchio, Esq.
Florida Bar No. 1005955
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: robert@floridaovertimelawyer.com
E-mail: noah@floridaovertimelawyer.com

*Counsel for Plaintiff*