# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

KEVIN BROWN,

        Plaintiff,

v.                                    Case No: 6:21-cv-449-WWB-LRH

WENDY'S INTERNATIONAL, LLC,

        Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Doc. 6) and Defendant's Opposition (Doc. 12). For the reasons set forth herein, the Motion will be denied.

## I.    BACKGROUND

Plaintiff Kevin Brown worked as a general manager at one of Defendant Wendy's International, LLC's restaurants located in Winter Garden, Florida, from June 10, 2019, until his termination on August 3, 2020. (Doc. 18, ¶ 9). Beginning in March 2020 and continuing until his termination, Plaintiff alleges that he voiced his opinion to various high-ranking personnel that the COVID-19 protocols proposed and taken by Defendant were not stringent enough and failed to comply with many local, state, and federal orders, mandates, and regulations. (*Id.* ¶¶ 10, 12, 25). Plaintiff alleges that he was instructed by the district manager that continuing to voice his concerns regarding the COVID-19 protocols could result in his termination. (*Id.* ¶¶ 14–16). The restaurant location where Plaintiff worked suffered a COVID-19 outbreak in July 2020, and Plaintiff again requested

that Defendant implement more stringent company protocols, which was denied by his district manager. (*Id.* ¶¶ 22–24).

Plaintiff alleges that he was terminated on August 3, 2020, because he complained about Defendant's COVID-19 protocols. (*Id.* ¶¶ 25, 28–29). Accordingly, Plaintiff filed this case alleging one count of retaliation in violation of the Florida Whistleblower Act ("**FWA**"), Fla. Stat. § 448.101 *et seq.*, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. (*See generally* Doc. 1-1). Defendant removed the case to this Court on March 10, 2021, alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 1).

## II.    LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court may have original jurisdiction where both "the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States." In determining the amount in controversy, the relevant question is whether the plaintiff seeks damages in excess of the jurisdictional limit, not whether the plaintiff will actually recover sufficient damages. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In that vein, "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Id.* (citing cases).

A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th

2

Cir. 2001). Where, as here, the plaintiff fails to plead "a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id*. Nonetheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754).

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Any doubt as to "jurisdiction should be resolved in favor of remand to state court." *Id*.

III.    DISCUSSION

Neither party contests that diversity of citizenship exists, and this Court is satisfied that the parties are diverse. With respect to the amount in controversy, Plaintiff argues that Defendant has not met its burden because Defendant improperly relies on a calculation of back pay and attorneys' fees through trial and includes speculative sums for attorneys' fees, compensatory damages, and front pay. In response, Defendant argues that this Court should consider back pay and attorneys' fees through the probable date of trial, as well as sums for front pay and compensatory damages. Defendant also argues that the Court should consider a $115,000.00 pre-suit demand by Plaintiff.

As an initial matter, this Court gives no weight to Plaintiff's purported pre-suit demand. "When referencing a demand letter to ascertain the amount in controversy, courts analyze whether demand letters merely reflect puffing and posturing or whether they provide specific information to support the plaintiff's claim for damages." *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1965-Orl-22TBS, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) (quotation omitted). Defendant claims that Plaintiff previously demanded $115,000.00 in damages, which suggests the amount in controversy is greater than $75,000.00. (Doc. 12 at 5). However, Defendant failed to provide the Court with a copy of the demand or any other information regarding when it was made or the basis for the sum asserted. And neither parties' filings offer any specific information about how the $115,000.00 pre-suit demand amount was calculated. Therefore, the Court finds that the amount is too speculative to be considered and does not support Defendant's removal.

Turning next to the question of back pay, Defendant argues that this Court should consider Plaintiff's potential back pay award from the date of termination through a tentative trial date in, at least, February 2022, which it argues would total approximately $84,450.00 in back wages. Courts in this District are divided regarding whether back pay damages are calculated at the time of removal or time of anticipated trial. *Compare Bragg v. Suntrust Bank*, No. 8:16-cv-139-T-33TBM, 2016 WL 836692, at *2 (M.D. Fla. Mar. 4, 2016) ("[B]ack pay should be calculated only to the date of removal."), *with Gonzalez v. Honeywell Int'l, Inc.*, No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) ("Courts in this Circuit have previously held that back pay may be calculated through the estimated date of trial."). However, as this Court has previously held, for jurisdictional purposes, this Court does not consider back pay past the date of removal.

*Wright v. Allstate Ins. Co.*, No. 6:20-cv-305-Orl-78LRH, 2020 WL 5757523, at *3 (M.D. Fla. Aug. 18, 2020) (declining to consider back pay that "accrued or will accrue after the date of removal"). Defendant has not provided binding authority to the contrary. Therefore, the back pay at the time of removal was $38,976.92. (Doc. 6 at 3; Doc. 12 at 8).

With respect to front pay, Defendant argues that this Court should include a minimum of one-year's salary, or $56,300.00, as front pay, which Plaintiff argues is too speculative. Plaintiff is entitled to front pay damages under the FWA. *See* Fla. Stat. 448.103(2)(a)–(e). Additionally, the Eleventh Circuit has held that disputes under the FWA may be treated similarly to retaliation disputes under Title VII, *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 950 (11th Cir. 2000), where plaintiffs are presumptively entitled to recover front pay, *Weatherly v. Ala. State Univ.*, 728 F.3d 1263, 1272 (11th Cir. 2013) (holding that the district court did not abuse its discretion in awarding the plaintiffs one year of front pay in a Title VII dispute); *see also Gonzalez*, 2017 WL 164358, at * 2 (holding the addition of one year of front pay to the amount in controversy is reasonable where the plaintiff is presumptively entitled to recover front pay). Accordingly, because some amount of front pay will presumptively be awarded in this dispute, and Defendant's valuation is supported by the record, this Court finds that it is more likely than not that, even with an allowance for mitigation,[1] at least $40,000.00 of front pay is at issue in this litigation.

---

[1] Although neither party has offered evidence of Plaintiff's current mitigation efforts or the probable value of mitigation in this case, the Court can exercise its common sense in finding that mitigation is possible and assessing the value to be assigned to the same. *See Underwood v. Crossing at Riverview, LLC*, No. 8:18-cv-1101-T-36AAS, 2018 WL 3868859, at *4 (M.D. Fla. Aug. 15, 2018).

Because Defendant has met its burden with respect to back pay and front pay, the Court does not need to consider Defendant's remaining arguments. However, for the sake of completeness, the Court will do so. First, Defendant argues that the Court should add a minimum of $30,000.00 for Plaintiff's emotional distress claim. In his Complaint (Doc. 1-1), Plaintiff requests damages stemming from "severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord." (*Id.* at 5–6). Even assuming Plaintiff is entitled to recover such damages under the FWA, Defendant's valuation of Plaintiff's emotional distress damages rests upon damage amounts awarded in other cases with different facts and manifestations of emotional distress that have no bearing on the applicable amount in *this* case. Without any firm support, Defendant's valuation of emotional distress damages is too speculative and provides little support to Defendant's argument regarding the amount in controversy.

Lastly, Plaintiff requests attorneys' fees in his Complaint, but argues that they should be excluded from the amount in controversy calculation. Attorney's fees are available under the FWA. Fla. Stat. § 448.104. However, Defendant's estimate of between $62,500.00 and $87,500.00 is based on potential hours spent on this matter through trial. While the question of whether attorney's fees should be calculated at the time of removal or trial has not been considered by the Eleventh Circuit, "the trend of Florida courts considering this question have . . . includ[ed] only fees accrued at the time of removal in calculating the amount in controversy." *Iglesia La Nueva Jerusalem, Inc. v. Ohio Sec. Ins. Co.*, No. 6:18-cv-1813-Orl-28KRS, 2019 WL 479673, at *2 (M.D. Fla Feb. 7, 2019) (collecting cases). Ultimately, this Court is not persuaded "to deviate from the general rule that . . . the amount in controversy is determined as of the time of removal,

to include a highly speculative amount of attorney's fees estimated through trial." *Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co.*, No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016) (quotation omitted). Additionally, Defendant has not provided the total amount of pre-removal fees for the Court's consideration. Thus, attorneys' fees also lend little support to Defendant's arguments.

## IV.  CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on July 9, 2021.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record